UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>XAVIER HOPKINS,<br><br>            Defendant. | Criminal No. 05-0460M-01 |

**DETENTION MEMORANDUM**

The Defendant, Xavier Hopkins, has been charged in a criminal complaint with possession of a firearm, the Defendant having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held August 19, 2005. At the conclusion of the hearings, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Sergeant Curt Sloan of the Metropolitan Police Department ("MPD") testified on behalf of the government. Sergeant Sloan testified that on August 12, 2005

at approximately 12:15 P.M, officers with the MPD's Major Narcotics Branch went to 1277 16th Street, N.E., Apt. 1, Washington, D.C. after being contacted by Marshals executing an eviction. The Marshals contacted the MPD after discovering a loaded weapon and narcotics during the eviction. Sergeant Sloan testified that one of the Marshals, Officer Gillespie, told Sergeant Sloan that when he asked the leaseholder, Ms. LaToya Best, whether there were any guns or narcotics on the premises, Ms. Best told Officer Gillespie that there was some marijuana on the table and that there might be a gun that belonged to her boyfriend behind the couch. Sergeant Sloan also testified that, according to Officer Gillespie, Ms. Best indicated that the Defendant, Mr. Hopkins, was her boyfriend.

Sergeant Sloan then testified that Officer Gillespie told him that they searched behind the couch and found a Nike shoe box containing a loaded 40 caliber Glock with 12 rounds in the magazine and one in the chamber. The Nike shoe box also contained Defendant's ID with his picture, as well as a black plastic baggie containing a greenish weed substance and a clear plastic baggie containing a white rock-like substance. The white rock-like substance field tested positive for cocaine and the greenish weed-like substance tested positive for THC.

Upon arriving at the scene, Sergeant Sloan saw the Nike shoe box containing the gun, drugs and Defendant's ID. Sergeant Sloan identified the Defendant as the same person whose ID was in the shoe box and whom Sergeant Sloan subsequently arrested. Sergeant Sloan testified that when he arrived at the scene, he spoke with Defendant's mother, Ms. Williams, who indicated that Defendant lived with Ms. Best at 1277 16th Street, N.E.

**Discussion**

Having heard the testimony of Sergeant Sloan at the August 18, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 18 U.S.C. § 922(g)(1).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

Here, the government seeks pre-trial detention on both grounds: that no conditions or combination of conditions will reasonably assure the Defendant's future presence or the safety of the community. In making this determination, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the

Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Unlawful possession of firearms and ammunition is a serious offense.

The second factor, the weight of the evidence, also favors detention. The Officers found the Defendant's ID in a shoe box with a loaded semi-automatic weapon. Ms. Best, the leaseholder of the apartment at which the gun was found indicated that it belonged to the Defendant. Finally, Defendant's mother apparently indicated to Sergeant Sloan that the Defendant lived at the same address where the gun was found.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant has 3 prior convictions, one misdemeanor drug offense, one conviction for a Bail Act violation and one misdemeanor conviction for carrying a dangerous weapon and unlawful possession of ammunition. Additionally, Defendant currently has an outstanding misdemeanor drug possession charge in Alexandria, Virginia for which he failed to appear. Furthermore, although it appears that Defendant was initially granted probation on his three convictions, that probation was subsequently revoked, presumably as a result of some violation. Taken together, Defendant's record presents a history of disregard for court-imposed conditions.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's current charge before this Court involves a semi-automatic weapon and ammunition. Defendant's possession of this type of weapon and his prior convictions for carrying a dangerous weapon and unlawful possession of ammunition in a community already bearing the brunt of the rampant epidemic of shootings and murders indicates his lack of concern for the safety of the community.

- 5 -

**Conclusion**

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released prior to trial. The Court also finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: August _18th _, 2005           _____/s/_____
                                       ALAN KAY
                                       UNITED STATES MAGISTRATE JUDGE