UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-333 (CKK) |
| v. | : | |
| XAVIER R. HOPKINS, | : | |
| Defendant. | : | |

**FILED**
NOV - 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Xavier R. Hopkins, hereby submit this Factual Proffer in Support of Guilty Plea. The essential elements of the offense of Unlawful Possession of Firearm by Convicted Felon, 18 U.S.C. 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm, that is, a handgun, **or** that the defendant knowingly possessed ammunition;

2. That the firearm **or** ammunition had been shipped or transported from one state to another; and

3. That at the time the defendant possessed the handgun **or** the ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on August 12, 2005, at approximately 12:00 p.m., members of the U.S. Marshal's Service were conducting an eviction at                    ., apartment number 1, where

defendant Xavier Hopkins was temporarily residing with his friend, Ms. Best. The U.S. Marshals knocked on door and tenant, Ms. Best, let them into the apartment. The Marshals then asked Ms. Best whether there were any drugs or guns inside the apartment. Ms. Best replied, " yes, there was some weed on a table and that there could be a gun in a box behind the couch that belonged to her friend. One of the Deputy U.S. Marshals then walked over to the couch and observed a Nike shoebox on the floor behind the coach. The Deputy Marshal picked up the Nike shoebox, opened it and found, among other things, a loaded Glock semi-automatic pistol, and a photo identification card with defendant Xavier R. Hopkins's name and photograph. Minutes later, defendant Hopkins walked up to the apartment and identified himself and was placed under arrest. It was subsequently confirmed that the shoebox and gun belonged to Xavier R. Hopkins.

Further investigation revealed that defendant Hopkins had been previously convicted in the District of Columbia of a crime punishable by imprisonment for a term exceeding one year. Also, neither the .40 caliber Glock semi automatic pistol (Model No. 23, serial number ANR356) or the thirteen (13) rounds of ammunition found inside the Glock were manufactured in the District of Columbia, and had been previously transported through interstate commerce.

This factual proffer is a summary of the defendant's participation in the possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year and is not intended to be a complete accounting of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea in this case.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
LIONEL ANDRE
ASSISTANT UNITED STATES ATTORNEY
Narcotics Section
555 4th St., NW Rm. 4846
Washington, D.C. 20530

### DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Dani Jahn, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 11·2·05    _____
                  Xavier R. Hopkins

### ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 11/2/05    _____
                  Dani Jahn, Esquire
                  Attorney for the Defendant