UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 05-333 (CKK) |
| : | |
| XAVIER R. HOPKINS, : | |
| : | |
| Defendant : | |

**SENTENCING MEMORANDUM**

On August 12, 2005, Mr. Hopkins, the defendant, was arrested by police officers of the Metropolitan Police Department. On September 8, 2005, a three-count indictment was filed by a federal grand jury charging the defendant with, Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Count Two - Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a); and Count Three - Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a). On November 2, 2005, Mr. Hopkins pled guilty to Count One of the Indictment pursuant to a written plea agreement. In that agreement, the government agreed not to oppose a sentence at the low end of the sentencing guidelines. The government also agreed to move to dismiss Count Two and Three of the Indictment at the time of sentencing and further acknowledged that the defendant would file a motion to depart on the grounds that the defendant's criminal history category overstated the seriousness of his actual criminal history. Mr. Hopkins will appear before this Honorable Court for sentencing on January 24, 2006. Mr. Hopkins, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a reasonable sentence.

**ARGUMENT**

According to the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, Mr. Hopkins' total offense level is 12. See PSR ¶ 22, page 5. The Probation Office calculates a total of 8 criminal history points, establishing a criminal history category of IV. See PSR ¶ 29, page 7. Therefore, the Probation Office calculates Mr. Hopkins' guideline range to be from 21 to 27 months. See PSR ¶ 50, page 11. The defense submits that a departure is appropriate because the criminal history category drastically overstates Mr. Hopkins' threat to society and the seriousness of his actual criminal history.

**A.    The Court Should Sentence Mr. Hopkins to a Period of Incarceration Which is Less Than the 21-27 Months Guideline Range in Order to Account for his Overstated Criminal History**

Under the Sentencing Guidelines, when a "defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes," a downward departure is warranted. See U.S.S.G. § 4A1.3. See also United States v. Beckham, 968 F.2d 47, 53-54 (D.C. Cir. 1992) (recognizing downward departure where accused criminal history over-represents the seriousness of past criminal conduct and the likelihood of recidivism). In addition to the guideline provision, this Court can also consider as a mitigating factor a minimal prior record even if the Court does not determine that the prior record rises to the level of over-representation under § 4A1.3. See 18 U.S.C. § 3553(a).

In determining whether to grant a downward departure under U.S.S.G. § 4A1.3, courts should compare the defendant' criminal history with others who occupy the same criminal history category. See U.S.S.G. § 4A1.3. When making a comparison in the instant case, it is

clear that the Criminal History Category of IV assigned to Mr. Hopkins significantly over-represents the seriousness of his criminal history.  Mr. Hopkins' convictions include one felony conviction and two misdemeanor offenses that result in a subtotal criminal history score of six.  See PSR ¶ 27, page 7.  However, two criminal history points were added pursuant to U.S.S.G. § 4A1.1(e), in light of the fact that this instant offense occurred less than two years following Mr. Hopkins release from custody.  See PSR ¶ 28, page 7.

     According to the PSR, Mr. Hopkins was sentenced in the two misdemeanor cases on October 8, 2003, whereby he received an eighteen month term of probation for misdemeanor distribution of marijuana and a twelve month term of probation for a misdemeanor bail act violation.  See PSR ¶ 25-26, page 7.[1]  Subsequent to these misdemeanor convictions, Mr. Hopkins pled guilty to a felony charge of Carrying a Dangerous Weapon and Unlawful Possession of Ammunition in Superior Court of the District of Columbia on February 3, 2004.  See PSR ¶ 24, page 6.  According to the PSR, the imposition of that sentence was suspended and Mr. Hopkins was placed on 2 years probation in addition to a $150.00 fine.  See PSR ¶ 24, page 6.

     On June 18, 2004, probation was revoked in all three of his prior convictions and consolidated for sentencing.  See PSR ¶ 24 - 26, pages 6-7.  It is extremely likely that Mr. Hopkins' probation was revoked in the two misdemeanor convictions in light of his guilty plea to a felony while on probation.  In addition, Mr. Hopkins was assessed two additional criminal history points pursuant to U.S.S.G. § 4A1.1(e), in light of the fact that this instant offense

---

[1] It is assumed that these probationary terms were run concurrently, although there is nothing in the PSR to indicate that was the wish of the sentencing court.

occurred less than two years following Mr. Hopkins release from custody.  See PSR ¶ 28, page 7.

Clearly, these prior convictions and the additional criminal history points assessed against Mr. Hopkins in light of the fact that the instant offense occurred less than two years following his release from custody, substantially over-represent the seriousness of Mr. Hopkins' criminal history.  Individuals with prior convictions for multiple serious violent felonies and/or multiple controlled substance offenses are placed in Criminal History Category IV.  Because Mr. Hopkins' prior convictions include two misdemeanors and one felony, he is not similarly situated with other persons who have been identified with a criminal history category of IV.  Therefore, Mr. Hopkins should be sentenced in accordance with, at a minimum, Criminal History Category III, which more accurately correlates to his involvement with the criminal justice system.  Alternatively, if this Court does not determine that Mr. Hopkins' prior record rises to the level of over-representation under § 4A1.3, it can still consider the extremely minimal criminal record of Mr. Hopkins under § 3553(a)(1).

**B.     Should the Court find that Mr. Hopkins' prior record does not rise to the level of over-representation under § 4A1.3, it can still consider the extremely minimal criminal record of Mr. Hopkins under § 3553(a)(1)**

In addition to the request for a downward departure based upon the theory of over-representation of Mr. Hopkins' criminal history, the factors identified in 18 U.S.C. § 3553(a) support Mr. Hopkins' request that he be sentenced to a term of incarceration below the U.S. Probation Office's calculation of his guideline range.  The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).  United States v. Booker, __ U.S. __, 125 S.Ct. 738, 764 (2005).  These factors include:  "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; .

4

. . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

When considering the characteristics of Mr. Hopkins, the Court should consider that Mr. Hopkins has three prior convictions - two misdemeanors and one felony. However, Mr. Hopkins has been assessed eight criminal history points thereby placing him into Criminal History Category IV.

Sentencing Mr. Hopkins in accordance with a Criminal History Category of III is

"sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Hopkins with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons as may be discussed at the sentencing hearing in this matter, Mr. Hopkins respectfully submits that a sentence below the calculated guideline range of 21 to 27 months is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

/s/
_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500