UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 05-333 (CKK) |
| v. | : | |
| | : | |
| | : | Sentencing |
| XAVIER R. HOPKINS, | : | January 24, 2006 |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

### FACTUAL BACKGROUND

On August 12, 2005, members of the United States Marshals Service conducted an eviction at 1277 Sixteenth Street, N.E., Apartment 1, in Washington, D.C., where Defendant, Xavier R. Hopkins, was residing with a friend, who was the tenant of the apartment. Defendant Hopkins was not present when the marshals arrived. The marshals asked the friend whether there were any drugs or guns inside the apartment, and she responded that there was some marijuana on a table and that there could be a gun in a box behind the couch. One of the marshals recovered a shoe box from behind the couch and found inside a loaded Glock semiautomatic pistol, several ziplock bags containing a green weed-like substance and a white rock-like substance, and an identification card bearing Defendant Hopkins's name and photograph. A few minutes later, Defendant Hopkins arrived at the apartment and identified himself, at which point he was arrested.

On September 8, 2005, Defendant Hopkins was indicted for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) (Count 1) and Simple Possession of a

Controlled Substance, in violation of 21 U.S.C. § 844(a) (Counts 2 and 3). On November 2, 2005, Defendant Hopkins pleaded guilty to Count 1 of the indictment, and the Government agreed to request the dismissal of the remaining counts at sentencing. The Government further agreed not to oppose a sentence at the low end of the Sentencing Guidelines. Under the Guidelines, Defendant Hopkins's total offense level is 12, and his criminal history category is IV, resulting in a sentencing range of 21 to 27 months.

## ARGUMENT

Defendant Hopkins should be sentenced to 21 months. Although Defendant Hopkins committed a serious offense, he pleaded guilty very early, about two-and-a-half months after he was arraigned. Indeed, the Government agreed to file a motion under § 3E1.1(b) requesting an additional one-level reduction in his offense level for acceptance of responsibility, but because Defendant's offense level before the operation of that subsection was less than 16, he is not eligible for such a reduction. Presentence Investigation Report ("PSR"), ¶ 12. Nonetheless, the Government believes that Defendant Hopkins's early acceptance of responsibility makes a sentence at the low end of the Guidelines range of 21 to 27 months appropriate.

The Government does not agree, however, that Defendant Hopkins should receive a downward departure because, as he claims, "the criminal history category drastically overstates [his] threat to society and the seriousness of his actual criminal history." Sentencing Memorandum at 2. Defendant Hopkins argues that "he is not similarly situated with other persons who have been identified with a criminal history category of IV" because "[i]ndividuals with prior convictions for multiple serious violent felonies and/or multiple controlled substance offenses are placed in" that

category, and he has only "two misdemeanors and one felony." *Id.* at 4. Defendant's argument is meritless.

Defendant cites no authority for his assertion that Criminal History Category IV is reserved for "[i]ndividuals with prior convictions for multiple serious violent felonies and/or multiple controlled substance offenses." Nor does he point to any law supporting his argument that this category overstates the seriousness of the criminal history, or the likelihood of recidivism, of a defendant with his record. There was nothing unusual about the PSR's calculation of Defendant Hopkins's criminal history. For each of his prior convictions, Defendant initially was sentenced to a suspended period of incarceration, but his probation in each case was revoked, and he was sentenced in each case to a term of imprisonment of more than 60 days but less than one year and one month. Under §§ 4A1.1(b) and 4A1.2(k), therefore, he received two criminal history points for each conviction. Because he committed the instant offense on August 12, 2005, less than a year after his release from imprisonment, he incurred an additional two points under § 4A1.1(e). Defendant Hopkins has failed to offer any reason why these calculations significantly overrepresent his criminal history so as to justify a downward departure.

Defendant Hopkins's claim that his criminal record is "extremely minimal," Sentencing Memorandum at 4, also lacks merit. Defendant Hopkins's felony conviction, which is less than two years old, was for Carrying a Dangerous Weapon and Unlawful Possession of Ammunition, charges very similar to the charge in this case. PSR, ¶ 24. While those charges were pending, Defendant Hopkins was convicted of two more offenses, Distribution of Marijuana and a misdemeanor Bail Reform Act violation. *Id.* ¶¶ 25-26. On June 18, 2004, about four months after his felony conviction became final, Defendant Hopkins's probation in all three cases was revoked, and he was resentenced

to six months in jail and two years of supervised release in the felony case, and to lesser periods of incarceration in the two misdemeanor cases. *Id.* ¶¶ 24-26. Less than a year after his release in the felony case, and while he apparently was still on supervised release, Defendant Hopkins committed the instant gun offense. *Id.* ¶¶ 6-8, 24. All of this occurred before Defendant Hopkins's twenty-second birthday. Thus, Defendant Hopkins repeatedly has possessed firearms; has committed new crimes while on release for prior offenses; and has failed to appear in court as required. His criminal history simply is not "extremely minimal."

## CONCLUSION

WHEREFORE, for the foregoing reasons, and any reasons stated at a sentencing hearing, the Government respectfully requests that this Court sentence Defendant Hopkins to 21 months of imprisonment.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

BY: _____
JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
(202) 514-7549