**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

          v.                                                                  Cr. No. 05-333 (CKK/JMF)

**XAVIER HOPKINS,**

       **Defendant.**

**REPORT AND RECOMMENDATION**

On January 24, 2006, this Court sentenced the defendant to 21 months imprisonment and three years of supervised release upon his plea of guilty to Possession of a Firearm by a Felon. Supervision commenced on March 16, 2007, and will expire on March 15, 2010.

On March 7, 2008, the defendant pled guilty to a violation of the Bail Reform Act and was sentenced to 90 days imprisonment.

The defendant concedes that his conviction constitutes a Grade C violation of his supervised release. He also failed to comply with the drug treatment that was ordered and he absconded from supervision in August, 2007.

The Guidelines range is 6 to 12 months. Defendant asks that his supervised release term be terminated after his serving whatever term of imprisonment is imposed.

I recommend a sentence of 12 months to be followed by an additional period of supervised release. As the probation officer points out, the defendant was on supervised release for a relatively short period of time before he absconded and then got convicted of a new crime. His conviction and abscondence warrant serious punishment.

As for the termination of his supervised release, he showed himself completely unwilling to cooperate with his probation officer, get drug treatment and stay out of trouble. It is perverse to reward such behavior by relieving him of the obligations of supervised release that are designed to protect the community and rehabilitate him. I would therefore recommend that he be sentenced to 12 months to be followed by the maximum term of supervised release that can be imposed.

_____/S/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: March 19, 2008